MEMORANDUM ***
The parties are familiar with the facts of this case and we do not repeat them here. Appellants Western Shoshone National Council, Raymond Yowell, Allen Moss, Joe Kennedy, John Wells, Carrie Dann, Johnnie Bobb, and Bennie Reilly (collectively “the Council”) appeal the district court’s Federal Rule of Civil Procedure 12(b)(6) dismissal of their various claims asserting Western Shoshone Indian title to land conveyed by the United States to the defendants. We affirm.
The district court correctly concluded that the Council’s title claims are barred by the finality provision of the Indian Claims Commission Act as well as the Western Shoshone Claims Distribution Act. See W. Shoshone Nat’l Council v. Molini, 951 F.2d 200, 203 (9th Cir.1991) (“We conclude that the Commission award establishes conclusively that Shoshone title has been extinguished.”); United States v. Dann, 873 F.2d 1189, 1198-99 (9th Cir.1989) (“[T]he payment of the claims award establishes conclusively that a taking occurred.”). The Council also argues that the Shoshone Tribe acquired title through the Treaty of Ruby Valley and that its rights under that Treaty were not extinguished by proceedings before the Commission. The Supreme Court, however, has held that no treaty recognizes Western Shoshone “Indian title or right of occupancy.” Nw. Bands of Shoshone Indians v. United States, 324 U.S. 335, 348, 65 S.Ct. 690, 89 L.Ed. 985 (1945). Even if the Treaty of Ruby Valley conveyed title rights to Western Shoshone in the first instance, we have specifically held that “[t]he Commission’s general finding that title had been extinguished ... also operates to bar the Shoshone from asserting ... rights based on the Treaty of Ruby Valley.” Molini, 951 F.2d at 203.
The Council’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.